UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO.: 1:08CR-2-R

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**v.**

**EDWARD D. WOODARD**                                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Edward D. Woodard, the Defendant, has filed a motion requesting credit for time served in federal custody on writ. DN 85. The Government has filed a response. DN 88. Being fully informed, the motion is **DENIED**.

The Government filed a motion for an extension of time to file a response. DN 87. The motion is **GRANTED.**

**DISCUSSION**

The Defendant has requested that this Court grant him credit for time served prior to his conviction and sentence. 18 U.S.C. § 2585(b) states that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

However, the Supreme Court has made clear "that the Attorney General must . . . compute the credit under § 2585(b)." *United States v. Wilson*, 503 U.S. 329, 334 (1992). After the computation by the Attorney General, federal regulations afford "prisoners administrative review of the computation of their credits[.]" *Id.* at 335. Finally, after "exhausting their administrative

remedies," a prisoner can seek judicial review of a computation. *Id.* Accordingly, barring evidence that the administrative process has been exhausted, this Court does not have jurisdiction.

Accordingly, the motion is **DENIED.**